### ANDREW POTTER ET AL. v JACOB RAMS.

**Duress—Question of Fact.**

> The question of duress is a fact within the peculiar province of the jury to determine from the evidence and circumstances before them.

**Pleading—When Answer of One Defendant Not the Answer of All.**

> The joint answer of all defendants to an action, sufficient as a plea of duress on the part of one of said defendants, does not present that defense as a bar to the action as against the other defendants who seek to avoid an obligation on the ground of a false representations of plaintiff in the procurement of their signature to a note.

APPEAL FROM PIKE CIRCUIT COURT.

September 13, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The joint answer of the appellants, if sufficient as a plea of duress on the part of the appellant, Andrew Potter, does not pre-

sent that defense as a bar to the action as against the other defendants, Ratliffe and Ranny, who seek to avoid the note only on the ground that they,

> "relying on the false representations of plaintiff, signed the note sued on as sureties of their co-defendant, Potter, and for no other consideration whatever."

If this defense was sufficiently pleaded it is not sustained by any such preponderating evidence as to authorize this court to disturb the verdict as to Ratliffe and Ranny, on the ground of an improper finding of the jury. Nor do we feel authorized to reverse the judgment on that ground as to Potter. Although the evidence strongly indicates an intention on the part of the appellee, upon meeting Potter before the note was given, to compel him to execute it or pay the amount, by force, it does not appear that Potter was under duress when he gave the note. Whether such was the case or not, it was the peculiar province of the jury to determine, from all the facts and circumstances of the case before them, and we cannot say, from the evidence in this record, that the verdict was not sustained by sufficient evidence.

No objection seems to have been taken to the instructions given by the court.

Wherefore, the judgment is affirmed.

*Bowles, for appellants.*